JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA SALAS and MYRIAH REID, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>CMR INC. (d/b/a Call Management Resources, Inc.) and DOES 1 through 100,<br><br>Defendants. | Case No. 5:18-cv-02238-DSF (SHKx)<br><br>**ORDER:**<br><br>**(1) CERTIFYING THE SETTLEMENT CLASS;**<br><br>**(2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**<br><br>**(3) AWARDING ATTORNEYS' FEES AND COSTS;**<br><br>**(4) APPROVING CLAIMS ADMINISTRATION EXPENSES;**<br><br>**(5) AWARDING NAMED PLAINTIFFS' SERVICE PAYMENTS; AND**<br><br>**(6) ENTERING FINAL JUDGMENT.** |

ORDER

The Court, having considered Plaintiffs Monica Salas and Myriah Reid's Unopposed Motion for Final Approval of Class Action Settlement and Approval of Attorneys' Fees and Reimbursement of Expenses, Supplemental Declaration of Rod M. Johnston in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Approval of Attorneys' Fees and Expenses, and supporting documents, grants final approval of the Stipulation of Settlement and enters final judgment. Capitalized terms in this Final Approval Order have the definitions set forth in the Stipulation of Settlement.

IT IS ORDERED:

1. Pursuant to this Court's Order preliminarily approving the class action settlement (ECF No. 36), the Notice Package was mailed to each Class Member. The Notice Package informed Class Members of the terms of the Settlement, their right to be excluded from the Settlement and pursue their own remedies, their right to object to the Settlement, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding approval of the Settlement. The Court finds that Class Members were afforded adequate time for each of these procedures.

2. The Court finds and determines that the notice procedure afforded adequate protections to the Class Members. The Court further finds and determines that the Notice Package and the notice procedures were the best notice practicable and satisfied the requirements of the law and due process. The Class Members' responses to the Notice Package provide the basis for the Court to make an informed decision regarding approval of the Settlement.

3. No Class Member filed a written objection to the proposed Settlement as part of the notice process or stated an intent to appear and object at the Final Approval Hearing.

4. The Court finds and determines that the terms of the Settlement are fair, reasonable, and adequate to Class Members, that Participating Class Members will be bound by the Settlement, that the Settlement is finally approved, and that all terms

and provisions of the Stipulation of Settlement should, and are ordered to, be consummated as reflected in this Order.

5. The Court finds and determines that the Final Settlement Payments to be paid to Participating Class Members are fair and reasonable. The Court orders that payment of those amounts be made to Participating Class Members out of the Net Settlement Amount in accordance with the terms of the Stipulation of Settlement.

6. The Court grants final approval of the LWDA Award in the amount of $4,500.00, to be paid to the California Labor & Workforce Development Agency (LWDA), representing 75% of the penalties paid pursuant to California's Private Attorneys' General Act (PAGA). The Court orders that the LWDA Award be paid out of the Gross Settlement Amount in accordance with the Stipulation of Settlement.

7. The Court grants final approval of Attorneys' Fees and Lawsuit Costs to Class Counsel in the total amount of $62,560.13[1] in fees and $15,909.50[2] in costs, to be paid out of the Gross Settlement Amount in accordance with the Stipulation of Settlement.

8. The Court grants final approval of claims administration fees to the Claims Administrator Simpluris in the total amount of $8,850, to be paid out of the Gross Settlement Amount in accordance with the Stipulation of Settlement.

9. The Court grants final approval of Service Payments in the total amount of $ 1,000 each to Monica Salas and Myriah Reid), to be paid out of the Gross Settlement Amount in accordance with the Stipulation of Settlement.[3]

10. As of the Effective Date of the Stipulation of Settlement, Participating Class Members shall be deemed to have, and by operation of this Final Approval

---

[1] The Court has deducted counsel's costs from the gross settlement amount in calculating the fee award. There is no reason for counsel to recover 125% of their costs.

[2] The Court finds that expenses for publications and on line media (which is too vaguely described to be useful) and pro hac vice fees (which are for the benefit of counsel) are not reimbursable. The Court also finds that as "wage and hour" class actions have become ubiquitous and there is a surfeit of experienced wage and hours lawyers available in the Central District, there is no reason to have counsel from outside the Central District handle such cases – nor is there any benefit to the class in doing so. Therefore, the Court declines to award expenses for airfare, lodging, rental car, and meals.

[3] No specific information was provided concerning the amount of time or effort expended by the Named Plaintiffs. They appear to have contributed less to the progress of the case and the settlement than many of the other class representatives in matters before this Court.

Order and the final judgment entered in connection with this Final Approval Order shall have, fully and irrevocably released and forever discharged the CMR Released Parties from all Non-FLSA Released Claims, as more fully set forth in the Stipulation of Settlement.

11. Additionally, as of the Effective Date of the Stipulation of Settlement, Participating Class Members who cash, deposit, or otherwise negotiate their Settlement Checks shall be deemed to have, and by operation of this Final Approval Order and the final judgment entered in connection with this Final Approval Order shall have, opted into this Litigation/Settlement for purposes of the Fair Labor Standards Act (FLSA) and shall be deemed to have fully and irrevocably released and forever discharged the CMR Released Parties from all FLSA Released Claims, as more fully set forth in the Stipulation of Settlement.

12. This Order shall constitute a final judgment.

13. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Final Approval Order and the Settlement.

14. The Parties are ordered to comply with the terms of the Stipulation of Settlement and this Order.

IT IS SO ORDERED.

DATED: December 3, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE